(No. 3694—

JAMES RALPH KOPP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1945.*

EMERSON G. WHITNEY AND JOSEPH D. TEITELBAUM, for claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM L. MORGAN, Assistant Attorney General, for respondent.

ECKERT, J.

On August 13, 1941, the claimant, James Ralph Kopp, employed by the State of Illinois, Division of Highways, as a laborer, sustained an injury to his left shoulder while cranking the motor of an air compressor which backfired. At the time of the accident he had two children under the age of sixteen years, and had been employed by the respondent since July 13, 1941, at the rate of sixty cents an hour. Employees of the Division engaged in the same capacity and at the same rate as claimant are employed less than two hundred days a year; eight hours constitute a normal working day.

Immediately following the accident, claimant reported his injury to William E. Johnson, foreman of the

crew to which Kopp belonged, but Johnson failed to report the accident to the District Office until September 3, 1941. Johnson, two days after the accident, sent claimant to Dr. Louis River of Oak Park, Illinois, who in turn engaged the services of Dr. Arthur H. Conley of Chicago as a consultant and assistant. The Division received reports of the injury from both Dr. River and Dr. Conley on November 18, 1941. From these reports, it appeared that treatment, consisting of sling, massage, heat, and short-wave physiotherapy, produced only a slight improvement, and that on September 10th a cast was applied for a period of one month. The report of Dr. River also stated that claimant had done most of his work since the injury, and that the only permanent disability expected was a moderate weakness of abduction of the arm.

On November 10, 1941, the Division ordered the claimant to report to Dr. H. B. Thomas, Professor of Orthopedics, University of Illinois Medical College, for treatment. From the report of Dr. Thomas, made to the Division on December 17th, it appears that Dr. Thomas saw claimant only once; that subsequently claimant received physiotherapy treatments, the last of which was on December 5, 1941; that claimant was quite nervous, and several times telephoned he was unable to come to Dr. Thomas' office. He was dismissed by Dr. Thomas without final examination. The report questions claimant's disability at the time of the report and states:

"Our history is that he worked after he thought his shoulder was dislocated. This usually does not happen. Since he has not kept up his treatment we are dismissing him. Kopp's excuse for being absent is that he has to work all the day. He works ten hours a day and has not time to come in. Last time he was treated he complained of some pain in the shoulder but had full range of motion."

William E. Johnson, the foreman, turned in straight time for the claimant to the District Office almost daily

from the date of the accident through the months of September, October, and up to November 20th. From August 14th to November 19th, 1941, inclusive, the Division paid the claimant wages in the total amount of $340.80, and the records of the Division indicate that claimant lost no time as a result of the accident. His employment with the Division terminated on November 20th, 1941.

The Division has also made the following payments for services rendered claimant in connection with the injury:

| | |
|---|---:|
| Dr. Louis River, Oak Park.................................... | $ 25.00 |
| Dr. Robert L. French and Dr. Charles E. Franklin, Oak Park.. | 38.00 |
| Dr. Arthur H. Conley, Chicago.............................. | 57.00 |
| Dr. H. B. Thomas, Chicago................................... | 31.00 |
| Oak Park Hospital, Oak Park................................ | 10.00 |
| Total ............................................. | $161.00 |

A bill for $28.00 covering fourteen treatments rendered claimant by the physiotherapy Department of the Oak Park Hospital under direction of Dr. French and Dr. Franklin from August 20th to September 9th, 1941, inclusive, has not been paid.

Claim was filed in this court on March 10, 1942. Respondent thereafter filed a motion to dismiss on the ground that no claim for compensation was made within six months after the date of the accident as required by the terms and provisions of Section 24 of the Workmen's Compensation Act of this State. This motion, however, was denied. At the time of the accident, claimant and respondent were operating under the provisions of the Workmen's Compensation Act of this State, and notice of the accident and claim for compensation were made within the time provided by the Act. The accident arose out of and in the course of the employment.

Claimant contends that as a result of the accident he can not do heavy work; that his arm and shoulder are still painful; that he is not able to do any work that requires motion above the shoulder or puts a strain on the arm; that he can not lift with his left arm; that he is a laborer with no skilled trade and has been unable to obtain work because of the injury. He claims no temporary disability, but claims a twenty-five per cent permanent loss of use of his left arm and shoulder. He contends that because he earned $26.40 per week and at the time of the accident had two children under the age of sixteen years, his compensation should be calculated at sixty per cent of $26.40, or $15.84 per week; that complete loss of use of an arm is compensated on the basis of 225 weeks; that 25% of 225 weeks is 56.25 weeks; that 56.25 weeks at $15.84, aggregate $891.00, due claimant. Claim is also made for a fee of $75.00 to Dr. Justin Fleischmann and for $15.00 to the American Hospital for x-rays.

Upon direct examination, Dr. River testified that he first examined claimant on August 15, 1941; that claimant was sent to him by foreman, William Johnson; that claimant complained of pain in his shoulder, of an inability to carry his arm away from the body, and of an inability to abduct his arm without severe pain and tenderness; that the only positive physical finding was some swelling and considerable tenderness underneath the left acromion. The tests made for tear of the supraspinatus tendon were negative, so that the diagnosis was an injury to the superior capsule of claimant's left shoulder joint but without a disruption of the supraspinatus tendon. On cross-examination, Dr. River testified that the ligamentous capsule, that binds the arm to the socket on the shoulder blade, had been torn across the upper part.

Dr. Justin Fleischmann was called as an expert witness on behalf of the claimant. Dr. Fleischmann testified that he first examined claimant on March 1, 1942, six months after the injury; that claimant then had a decreased muscular power of arm muscles and muscle grooves of the left upper extremity, especially so the muscles which control abduction. Claimant was also subjected to neurological examination by Dr. Fleischmann, and the resulting diagnosis was laceration of the articular capsule of the left shoulder, a partial evulsion of the brachial plexus with consecutive neuritis of the radial and ulnar nerve, and a slight neuritis of the lumbosacral plexus at left.

From the medical testimony and from personal observation of claimant, it appears that claimant has suffered a twenty-five per cent permanent partial loss of use of his left arm. Claimant having been employed by the respondent only one month prior to the accident, and employees of the Division engaged in the same capacity and at the same rate as claimant having been employed less than two hundred days a year, claimant's compensation must be determined in accordance with the provisions of Section 10 of the Workmen's Compensation Act. Sixty cents per hour, eight hours per day, for two hundred days at $4.80 per day, is an annual wage of $960.00, and an average weekly wage of $18.46. Claimant having two children under the age of sixteen years at the time of the accident, he is entitled to an award of the minimum of $12.00 per week for 25% of 225 weeks, or $12.00 per week for 56.25 weeks, being the sum of $675.00. Since the accident occurred after July 1, 1939, the amount of compensation must be increased ten per cent, making a total sum of $742.50.

Claimant is also entitled to an award in the amount of $28.00 for physiotherapy treatments which he received at the Oak Park Hospital. No award, however, can be made for the services of Dr. Justin Fleischmann or the services of the American Hospital inasmuch as these were entirely unauthorized by the respondent.

An award is therefore made to the claimant in the sum of $770.50, payable as follows:

a. $28.00 for the use of the Oak Park Hospital.

b. $742.50 to claimant, all of which is accrued and is payable forthwith.